People v Tavares-Nunez (2020 NY Slip Op 00884)





People v Tavares-Nunez


2020 NY Slip Op 00884


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-09160

[*1]People of State of New York, respondent,
v
Juan Tavares-Nunez, appellant. Paul Skip Laisure, New York, NY (Sam Feldman of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Hannah X. Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Robert Charles Kohm, J.), dated July 18, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of criminal sexual act in the first degree and endangering the welfare of an incompetent or physically disabled person. Prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) completed a risk assessment instrument pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The Board assessed the defendant a total of 95 points, which, if accepted by the Supreme Court, would make him a presumptive level two sex offender. Following a hearing, the court assessed the defendant a total of 95 points and denied the defendant's application for a downward departure from the presumptive risk level, designating him a level two sex offender. The defendant appeals, arguing that the court improvidently exercised its discretion in denying his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level designation. Contrary to the defendant's contention, his lack of a prior criminal history was adequately taken into [*2]account under the Guidelines (see Guidelines at 13-14; see also People v Bigelow, 175 AD3d 1443, 1444; People v Saintilus, 169 AD3d 838, 839; People v Haye, 162 AD3d 801, 801-802). In addition, although the record established that the defendant successfully completed sex offender counseling and treatment, there was no evidence demonstrating that his response to treatment was "exceptional" (Guidelines at 17; see People v Grubert, 160 AD3d 993, 994; People v Santiago, 137 AD3d 762, 764; People v Torres, 124 AD3d 744, 745-746). Further, although the defendant cited family and community support as a mitigating circumstance, he failed to demonstrate how having support from the community or his family established a lower likelihood of reoffense or danger to the community (see People v Boutin, 172 AD3d 1253, 1255; People v Saintilus, 169 AD3d at 839). The defendant's remaining contentions with respect to risk factor 5 (age of victim, 10 or less, 63 or more) are unpreserved for appellate review because he did not assert them at the SORA hearing. In any event, the defendant failed to demonstrate, under the circumstances of this case, that the assessment of points under that risk factor due to the fact that the victim was 64 years old at the time of the incident resulted in an overassessment of his risk to public safety (see People v Bigelow, 175 AD3d at 1444; People v Quirindongo, 153 AD3d 863, 863-864).
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level two sex offender.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court