People v Zapata (2020 NY Slip Op 04605)





People v Zapata


2020 NY Slip Op 04605


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-09184

[*1]People of State of New York, respondent,
v
Osvin Zapata, appellant. Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Isaiah Affron on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated June 29, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's application for a downward departure from his presumptive risk level, and designated him a level two sex offender (see Correction Law § 168-n). The defendant challenges the denial of his application for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The Guidelines provide that "the Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age, and (ii) scoring 25 points under risk factor 2, for sexual contact with the victim, results in an over-assessment of the offender's risk to public safety'" (People v Walker, 146 AD3d 824, 825-826, quoting Guidelines at 9; see People v Carter, 138 AD3d 706, 707). Here, however, the defendant failed to show by a preponderance of the evidence that the victim's lack of consent was due solely to her inability to consent by virtue of age. On the contrary, the grand jury minutes, which were admissible at the SORA hearing (see People v Mingo, 12 NY3d 563, 573), contain evidence as to the defendant's use of force in this crime.
The other factors identified by the defendant—his lack of a criminal history and points total near the low range of the level two parameters—did not, by themselves, constitute grounds for a downward departure (see People v Tavares-Nunez, 180 AD3d 719; cf. People v Fisher, 177 AD3d 615).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's application for a downward departure from his presumptive risk level, and to designate him a level two sex offender.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court