People v Lin (2020 NY Slip Op 06820)





People v Lin


2020 NY Slip Op 06820


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-06189

[*1]People of State of New York, respondent,
v
Allen Lin, appellant.


Paul Skip Laisure, New York, NY (Stephanie Sonsino of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated May 8, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, following a hearing, designated the defendant a level two sex offender. On his appeal, the defendant challenges the Supreme Court's denial of his application for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; People v McGhee, 179 AD3d 954, 955; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that the victim's lack of consent was due only to an inability to consent because of her age. "The Guidelines provide that '[t]he Board [of Examiners of Sex Offenders] or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points in this category [risk factor 2, for sexual contact with the victim] results in an over-assessment of the offender's risk to public safety'" (People v Fisher, 177 AD3d 615, 616, quoting Guidelines at 9). However, this was not a ground the defendant identified in requesting a downward departure in the Supreme Court, and thus, this contention is unpreserved for appellate [*2]review (see People v Worrell, 183 AD3d 602, 603; People v Bigelow, 175 AD3d 1443, 1444; People v Mosqueda, 172 AD3d 1412, 1413; People v Cuspert, 172 AD3d 1255, 1256). In any event, a downward departure is not warranted on this ground considering, inter alia, the age disparity between the then 21-year-old defendant and the then 12-year-old victim (see People v Dadd, 170 AD3d 898, 899; People v Garner, 163 AD3d 1009, 1009-1010; People v Quirindongo, 153 AD3d 863, 863-864; People v Anderson, 137 AD3d 988, 988; People v Fryer, 101 AD3d 835, 836), and that the defendant committed a sexual offense against the victim in violation of an order of protection issued to protect her from him.
The other grounds the defendant relied on in support of his application are unavailing (see People v Zapata, 186 AD3d 761; People v Ralph, 170 AD3d 900, 901; People v Santiago, 137 AD3d 762, 764).
Accordingly, we agree with the Supreme Court's determinations to deny the defendant's application for a downward departure from his presumptive risk level and to designate the defendant a level two sex offender.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court