People v Paterno (2022 NY Slip Op 01470)





People v Paterno


2022 NY Slip Op 01470


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.


2020-00606

[*1]The People of the State of New York, respondent,
v
Michael Paterno, appellant.


Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated November 25, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the third degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court determined that the defendant was presumptively a level two sex offender and denied the defendant's request for a downward departure. However, the court determined, upon the People's application, that an upward departure was warranted, and thus designated the defendant a level three sex offender. The defendant appeals.
A party seeking a departure from the presumptive SORA risk level has the initial burden of (1) identifying, as a matter of law, an appropriate aggravating or mitigating factor, namely, a factor which tends to establish a higher or lower likelihood of reoffense or danger to the community, respectively, and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines; and (2) establishing the facts in support of its existence (see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 123-124; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). The People are required to prove the facts in support of an upward departure by clear and convincing evidence, whereas a defendant seeking a downward departure must prove the supporting facts by a preponderance of the evidence (see People v Gillotti, 23 NY3d at 862, 864). If a party meets its initial burden, "the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id. at 861).
The defendant's contention that the assessment of 25 points under risk factor 2, for sexual contact with the victim, resulted in an over assessment of his risk level because the victim's lack of consent was due only to his inability to consent by virtue of his age, is unpreserved for appellate review (see People v Lin, 188 AD3d 1109, 1110). In any event, under the circumstances [*2]of this case, including the significant age disparity between the then 56-year-old defendant and the 15-year-old victim, the contention is without merit (see id. at 1110; People v Dadd, 170 AD3d 898, 899). As the defendant failed to identify, as a matter of law, any further appropriate mitigating factors, the County Court properly denied his application for a downward departure.
However, the County Court erred in granting the People's application for an upward departure. The People failed to prove the facts in support of their proffered aggravating factor, including that the defendant engaged in unprotected sexual conduct with the victim, by clear and convincing evidence (see People v Pittman, 179 AD3d 955, 957; People v Torres, 176 AD3d 1125).
Accordingly, the County Court should have denied the People's application for an upward departure and designated the defendant a level two sex offender.
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court