People v Emery (2022 NY Slip Op 02567)

People v Emery

2022 NY Slip Op 02567

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2021-02948

[*1]The People of the State of New York, respondent,
v
Gariem Emery, appellant. 

Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Jill Oziemblewski of counsel), for respondent.
Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated February 23, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender (see Correction Law § 168-n). The defendant appeals.
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant's family support and stable employment were adequately taken into account by risk factor 15 (living/employment situation) (see People v Felton, 175 AD3d 734, 735). Likewise, the remoteness of the defendant's prior youthful offender adjudications was taken into account by risk factor 9 (number and nature of prior crimes) and risk factor 10 (recency of prior felony or sex crime) (see People v Adams, 174 AD3d 828, 829-830; People v Sofo, 168 AD3d 891, 892). Further, in support of his contention that consideration of his youthful offender adjudications results in an overassessment of points because of his young age and immaturity at the time of the underlying offenses, the defendant relies on studies which were not submitted to the Supreme Court at the SORA hearing and, thus, are dehors the record (see People v Wallace, 144 AD3d 775, 776).
Although an exceptional response to sex offender treatment may qualify as a mitigating factor that warrants a downward departure (see People v Migliaccio, 90 AD3d 879, 880), here, the defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional (see People v Torres, 124 AD3d 744, 746).
The defendant's contention that the victim's lack of consent was due only to an inability to consent by virtue of her age is unpreserved for appellate review (see People v Lin, 188 AD3d 1109, 1110; People v Locklear, 154 AD3d 888). In any event, the defendant failed to demonstrate by a preponderance of the evidence that the victim's lack of consent was due only to her inability to consent by virtue of her age. Moreover, a downward departure is not warranted on this ground considering the age disparity between the then 36-year-old defendant and the then 16-year-old victim (see People v Romulus, 189 AD3d 553, 555; People v Sick, 186 AD3d 1733, 1734; People v Quirindongo, 153 AD3d 863; People v Anderson, 137 AD3d 988, 988; People v Fryer, 101 AD3d 835, 836).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him as a level two sex offender.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court