People v Medina (2022 NY Slip Op 05726)

People v Medina

2022 NY Slip Op 05726

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-08479

[*1]The People of the State of New York, respondent,
v
Geraldino Medina, appellant.

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and George D. Adames of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Marina Cora Mundy, J.), dated March 9, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the Supreme Court properly denied his request for a downward departure and designated him a level three sex offender. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Jones, 196 AD3d 515, 515, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; People v Emery, 204 AD3d 944, 944-945; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). "If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Sofo, 168 AD3d 891, 891-892; see People v Gillotti, 23 NY3d at 861; People v Jones, 196 AD3d at 516).
Here, the defendant failed to establish that the assessment of points under risk factor 9 for his prior youthful offender adjudication resulted in an overassessment of his risk level. The temporal remoteness of that adjudication was adequately taken into account by risk factor 9 (number and nature of prior crimes) and risk factor 10 (recency of prior felony or sex crime) under the SORA Guidelines (see People v Emery, 204 AD3d at 944-945; People v Sofo, 168 AD3d at 892; People v Jewell, 119 AD3d 1446, 1448-1449). The defendant's further contention that consideration of his youthful offender adjudication resulted in an overassessment of points because of his young age at the time of the underlying offense is unpreserved for appellate review, and, in any event, under the circumstances of this case, without merit (see People v Kennedy, 160 AD3d 671, 671-672; People v Francis, 137 AD3d 91, 95).
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court