People v Ramirez (2023 NY Slip Op 01696)

People v Ramirez

2023 NY Slip Op 01696

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-08342

[*1]The People of the State of New York, respondent,
v
Baudilio Lopez Ramirez, appellant. Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated October 6, 2021, which, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 85 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the assessment of 20 points under risk factor 7 (relationship with the victim) and the denial of his application for a downward departure.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806 [internal quotation marks omitted]).
The Supreme Court correctly determined that the People met their burden of proving by clear and convincing evidence the facts supporting the defendant's designation as a level two sex

offender (see Correction Law § 168-n[3]). Contrary to the defendant's contention, the court properly assessed him 20 points under risk factor 7, as the record demonstrates that the defendant was a stranger to the victim and formed the underlying relationship for the primary purpose of victimization (see People v Fuhrtz, 180 AD3d 944, 946; People v Burrowes, 177 AD3d 1005, 1007; People v Krahmalni, 170 AD3d 444; People v Smith, 158 AD3d 779, 779-780; People v Duart, 84 AD3d 908, 909).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender [*2]Registration Act: Risk Assessment Guidelines and Commentary at 4 [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the majority of the alleged mitigating factors cited by the defendant at the hearing—his stable housing, supervisory release, gainful employment, and family support—were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Young, 186 AD3d 1546, 1548; People v Tavares-Nunez, 180 AD3d 719; People v Burrowes, 177 AD3d at 1007; People v Boutin, 172 AD3d 1253, 1255; People v Saintilus, 169 AD3d 838, 839). The additional alleged mitigating factor cited by the defendant at the hearing did not warrant a downward departure (see People v Scott, 204 AD3d 948, 949; People v Nicholson, 195 AD3d 758; People v Zapata, 186 AD3d 761, 762; People v Saintilus, 169 AD3d at 839).
The defendant's contention that this conviction was one where the victim's lack of consent was due only to the inability to consent by virtue of age, and he is thus entitled to a downward departure is unpreserved for appellate review (see People v Emery, 204 AD3d 944; People v Lin, 188 AD3d 1109; People v Locklear, 154 AD3d 888, 890). In any event, a downward departure is not warranted on this ground considering, among other things, the age disparity between the then 25-year-old defendant and the then 14-year-old victim (see People v London, 202 AD3d 713, 714; People v Blount, 195 AD3d 956, 957; People v Lin, 188 AD3d at 1110; People v Dadd, 170 AD3d 898, 899; People v Garner, 163 AD3d 1009, 1009-1010; People v Anderson, 137 AD3d 988, 988; People v Fryer, 101 AD3d 835, 836 1734; People v Herron, 59 AD3d 414).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court