People v Koiki (2023 NY Slip Op 01694)

People v Koiki

2023 NY Slip Op 01694

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2018-06494

[*1]The People of the State of New York, respondent,
v
Adeola Koiki, appellant.

Twyla Carter, New York, NY (Pauline Syrnik of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Dineen Riviezzo, J.), dated April 27, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court properly denied the defendant's application for a downward departure to a risk level one designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, his lack of a prior criminal history was adequately taken into account by the Guidelines (see People v Tavares-Nunez, 180 AD3d 719, 720; People v Saintilus, 169 AD3d 838, 839). The defendant also cited family and community support as a mitigating factor and submitted letters from family members and friends which indicated that they would support the defendant upon his release. However, the defendant failed to demonstrate how having support from the community or his family established a lower likelihood of reoffense or danger to the community. Thus, the defendant failed to establish by a preponderance of the evidence an appropriate mitigating factor which was otherwise not adequately taken into account by the Guidelines (see People v Baez, 199 AD3d 1027, 1028; People v Hamdam, 178 AD3d 1098, 1099; People v Boutin, 172 AD3d 1253, 1255; People v Saintilus, 169 AD3d at 839).
The remaining alleged mitigating factors identified by the defendant were all adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Joe, 203 AD3d 1187, 1188; People v Pace, 188 AD3d 732, 733; People v MacCoy, 155 AD3d 897, [*2]898).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court