People v Tleis (2023 NY Slip Op 06762)

People v Tleis

2023 NY Slip Op 06762

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-10285

[*1]The People of the State of New York, respondent,
v
Ali Tleis, appellant. Twyla Carter, New York, NY (Kerry Elgarten of counsel), for appellant.

Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and George D. Adames of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (William E. Garnett, J.), dated May 4, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in Michigan, upon his plea of no contest, of four counts of criminal sexual conduct in the first degree, in violation of Michigan Compiled Laws § 750.520b, and kidnapping, in violation of Michigan Compiled Laws § 750.349. After the defendant was released from prison and his supervision was transferred to Richmond County, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), assessed the defendant a total of 95 points on the risk assessment instrument, denied the defendant's request for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Bigelow, 175 AD3d 1443, 1444; see People v Gillotti, 23 NY3d at 861).
Here, the Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure. The defendant's lack of criminal history (see Guidelines at 13) and his young age of 18 at the time of the offenses (see id. at 13-14) were adequately taken into account by the Guidelines (see People v Roelofsen, 195 AD3d 962, 963; People v Tavares-Nunez, 180 AD3d 719, 720). As for the defendant's age at the time of the sex offenses, an offender's age of 20 or younger at the time of a sex offense is deemed to be an [*2]aggravating factor rather than a mitigating factor (see Guidelines at 13; People v Roelofsen, 195 AD3d at 963; People v Adams, 174 AD3d 828, 829). Additionally, although an exceptional response to treatment may qualify as a mitigating factor that warrants a downward departure, here, the defendant failed to prove by a preponderance of the evidence that his response to such treatment was exceptional (see People v Cousin, 209 AD3d 1047, 1048; People v Del-Carmen, 186 AD3d 878, 879). Further, the defendant failed to demonstrate, under the circumstances of this case, that the assessment of points under risk factor one (use of violence, inflicted physical injury) resulted in an overassessment of his risk to public safety (see generally People v Tavares-Nunez, 180 AD3d at 721).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court