People v Ferguson (2025 NY Slip Op 06194)

People v Ferguson

2025 NY Slip Op 06194

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-05249
2023-05252

[*1]The People of the State of New York, respondent, 
v
Andre Ferguson, appellant.

Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Victoria Schulman on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two orders of the County Court, Westchester County (Susan Cacace, J.), both dated April 27, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of rape in the first degree and rape in the third degree (two counts), among other crimes, based upon acts perpetrated against different victims in February 2007 and August 2007. At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the defendant sought a downward departure, and the People sought an upward departure, from the defendant's presumptive level two risk designation. The County Court denied the defendant's application for a downward departure, granted the People's application for an upward departure, and designated the defendant a level three sex offender. The defendant appeals.
In determining whether to depart from the presumptive risk level, the court must determine whether the party seeking the departure has identified aggravating or mitigating circumstances that are, as a matter of law, of a kind or to a degree not adequately taken into account by the Guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861). The court must then "decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861; see People v Garing, 233 AD3d 810, 810). Finally, "[i]f the party applying for a departure surmounts the first two steps," the court "must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, the County Court properly denied his request for a downward departure from the presumptive risk level two designation. The defendant failed to demonstrate the existence of a mitigating factor not adequately taken into account by the Guidelines [*2]that would warrant a downward departure (see People v Ramirez, 214 AD3d 1008, 1010; People v Abdullah, 210 AD3d 704, 706). Although an exceptional response to treatment may qualify as a mitigating factor that warrants a downward departure (see People v Migliaccio, 90 AD3d 879, 880), here, the defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional (see People v Cousin, 209 AD3d 1047, 1048).
The County Court also providently exercised its discretion in granting the People's application for an upward departure from the presumptive risk level. Contrary to the defendant's contention, the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the Guidelines. Specifically, the People demonstrated that the defendant committed the second sex offense approximately six months after committing, and while out on bail for, the first sex offense (see People v Arrunategui, 164 AD3d 1279, 1279; People v Burch, 90 AD3d 1429, 1431). Further, the court providently exercised its discretion in determining that the totality of the circumstances warranted a departure from the presumptive risk level to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Accordingly, the County Court properly designated the defendant a level three sex offender.
The defendant's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court