People v Rehman (2026 NY Slip Op 01809)

People v Rehman

2026 NY Slip Op 01809

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2019-06816
2019-06817
2019-06818

[*1]The People of the State of New York, respondent,
vSagheer Rehman, appellant.

Twyla Carter, New York, NY (Aviva Galpert of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Ariel Gootkin on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from three orders of the Supreme Court, Queens County (Suzanne Melendez, J.), all dated May 17, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
In three proceedings pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, after a hearing, assessed the defendant 80 points on the risk assessment instrument, rendering him a presumptive level two sex offender, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender with respect to each proceeding. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed the defendant 20 points under risk factor 7 of the risk assessment instrument based on the defendant's relationship as a stranger to the victims (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006] [hereinafter Guidelines]; People v DeJesus-Jiminez, 232 AD3d 915, 915; People v Thomas, 226 AD3d 1292, 1294).
Further, the Supreme Court properly denied the defendant's application for a downward departure from the presumptive risk level. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wagers, 243 AD3d 931, 933 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Rogers, 222 AD3d 894, 896).
Here, the defendant failed to establish that a downward departure was warranted. While a defendant's exceptional response to sex offender treatment may qualify as a ground for a downward departure, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Wagers, 243 AD3d at 934; People v Lorgo, 242 AD3d 1025, 1026). Moreover, the defendant's purported steady employment was already taken into account by risk factor 15 (living/employment situation), for which the defendant was not scored any points on the risk assessment instrument (see People v Wagers, 243 AD3d at 934; People v Emery, 204 AD3d 944, 945). Since the defendant failed to make the twofold showing on his application for a downward departure, the application was properly denied (see People v Banister, 243 AD3d 928, 930).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
LASALLE, P.J., CONNOLLY, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court