People v Corinaldi

2026 NY Slip Op 02292

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Brandon Corinaldi, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2025-10892

Colleen D. Duffy, J.P.

Linda Christopher

Barry E. Warhit

Elena Goldberg Velazquez, JJ.

Lori Golombek, Mineola, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Katherine Pedlow of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from an order of the Supreme Court, Queens County (Anthony M. Battisti, J.), dated August 25, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon his plea of guilty, of criminal sexual act in the second degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court found that the defendant was a presumptive level two sex offender, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender.

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).

The defendant's contention that he is entitled to a downward departure because the victim's lack of consent was due only to an inability to consent by virtue of the victim's age is unpreserved for appellate review (see People v Ramirez, 214 AD3d 1008, 1010). In any event, a downward departure is not warranted given, among other things, the age disparity between the then 30-year-old defendant and the then 14-year-old victim (see People v Saul, 220 AD3d 892, 894; People v Ramirez, 214 AD3d at 1010).

Although a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (see Guidelines at 17; People v Wallace, 144 [*2]AD3d 775, 776), here, the defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional (see People v Cambarmatute, 243 AD3d 930, 931; People v Kumar, 242 AD3d 1231, 1232).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.

DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court