People v Stewart

2026 NY Slip Op 02681

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Joshua Stewart, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-13010

Hector D. Lasalle, P.J.

Cheryl E. Chambers

Janice A. Taylor

Phillip Hom, JJ.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Lauren Tan of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated December 4, 2024, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof designating the defendant a level three sexually violent offender, and substituting therefor a provision designating the defendant a level three sex offender; as so modified, the order is affirmed, without costs or disbursements.

The defendant was convicted in New Jersey of, inter alia, promoting child prostitution in violation of NJSA 2C:34-1(b)(3). After the defendant moved to New York, the County Court, after a hearing, designated the defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C). The defendant appeals.

Contrary to the defendant's contention, the County Court properly assessed 25 points under risk factor two and 20 points under risk factor 4 of the risk assessment instrument. The defendant could be assessed points under a theory of accessorial liability for the three or more sexual acts, including at least one act of sexual intercourse, committed by the men who paid for sexual activity with the victim over a period of at least two weeks (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 7, 9-10 [2006]; Penal Law § 20.00; People v Marte, 236 AD3d 938, 939; People v Greenridge, 224 AD3d 852, 854).

The County Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level three designation. The defendant's family support and employment were adequately taken into account by risk factor 15 (living/employment situation), for which the defendant was not scored any points (see People v Wagers, 243 AD3d 931, 934; People v Emery, 204 AD3d 944, 945). To the extent that the defendant demonstrated the existence of other mitigating factors not adequately taken into account by the Guidelines, the totality of the circumstances did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861).

The defendant was designated a sexually violent offender pursuant to Correction Law [*2]§ 168-a(3)(b) because his New Jersey conviction required him to register as a sex offender in New Jersey. As the People concede, if the defendant had committed the same conduct in New York, he could not have been designated a sexually violent offender. Under the circumstances, Correction Law § 168-a(3)(b) is unconstitutional as applied to the defendant (see People v Edwards, 246 AD3d 37, 44-47).

LASALLE, P.J., CHAMBERS, TAYLOR and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court