People v Stoessel
2026 NY Slip Op 03693
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Peter Stoessel, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2022-10414
Lara J. Genovesi, J.P.
Cheryl E. Chambers
Helen Voutsinas
Phillip Hom, JJ.

Anne T. Donnelly, District Attorney, Mineola, NY (Kevin C. King and Antonella Karlin of counsel), for respondent.
Jan Murphy, Huntington, NY, for appellant.

[*1]
DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Christopher Hoefenkrieg, J.), dated December 14, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in California of two counts of contact with a minor with intent to commit a sexual offense (Cal Penal Code § 288.3[a]). Upon establishing residence in New York, the defendant was required to register as a sex offender under the Sex Offender Registration Act (SORA) (Correction Law art 6-C; see §§ 168-a, 168-k). After a hearing, the Supreme Court assessed the defendant 105 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Gadsen, 235 AD3d 667, 668 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Ramirez, 214 AD3d 1008, 1010).
Here, the majority of the alleged mitigating factors cited by the defendant at the hearing and on appeal—including his stable living environment, acceptance of responsibility, and positive conduct while incarcerated and on parole—were adequately taken into account by the Guidelines (see People v Perez, 243 AD3d 697, 698; People v Mierisch, 239 AD3d 776, 778; People v Ramirez, 214 AD3d at 1010). While an offender's response to treatment, if exceptional, can form the basis for a downward departure (see People v Pareja-Hidalgo, 222 AD3d 892, 893), the defendant here failed to establish that his response to treatment was exceptional (see People v Perez, [*2]243 AD3d at 698; People v Skipper, 235 AD3d 671, 672). Finally, the defendant failed to meet his burden of demonstrating that his family support would reduce his dangerousness and risk of reoffense (see People v Green, ___ NY3d ___, ___, 2026 NY Slip Op 03378, *4; People v Siler, 247 AD3d 1226, 1229).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
GENOVESI, J.P., CHAMBERS, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court