The People of the State of New York, Respondent, v Bernard Wright, Appellant. [832 NYS2d 221]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Molea, J.), dated May 26, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant entered a plea of guilty to one count of attempted sodomy in the first degree in full satisfaction of an eight count indictment. He was assigned a presumptive risk level three sex offender designation (see Correction Law 168-l). The Supreme Court's determination to designate the defendant a level three sex offender was supported by clear and convincing evidence (see Correction Law 168-n [3]).

The Supreme Court properly assessed the defendant 10 points for failure to accept responsibility based on his statement to the probation officer that the victim of the attempted sodomy dreamt the whole thing up and he was only pleading to avoid the risk of a greater sentence after a trial (cf. People v Hines, 24 AD3d 524 [2005]). The defendant's signing of a contract as a prerequisite to application for a sex offender treatment program, while incarcerated, is not the equivalent of an acceptance of responsibility (see People v Fortin, 29 AD3d 765 [2006]).

The Supreme Court properly assessed the defendant 20 points based on the number of victims (cf. People v Hines, supra). The Supreme Court also properly assessed 15 points for drug or alcohol abuse based on the extensive history of such use documented in the presentence report (see People v Perser, 29 AD3d 767 [2006]), notwithstanding the defendant's completion of programs, while incarcerated, addressing such abuse.

The defendant's remaining contentions are without merit. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.