■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK HERRON, Appellant. [872 NYS2d 538]—

Appeal by the defendant from an order of the County Court, Westchester County (R. Bellantoni, J.), entered September 14, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The hearing court is not bound by a recommendation made by the Board of Examiners of Sex Offenders (hereinafter the Board). In the exercise of its discretion, the hearing court may depart from the Board's recommendation and determine the defendant's risk level based on the record before it (*see People v Taylor,* 48 AD3d 775, 776 [2008]; *People v Walker,* 47 AD3d 692, 693-694 [2008]).

The defendant does not challenge the Board's determination to assess 110 points based on various risk factors, which the court found were established by clear and convincing evidence. The defendant contends that the totality of the circumstances of this case and his background establish there was an overassessment of points in some categories, that such overassessment warranted a downward departure to a risk level two, and the County Court improvidently exercised its discretion in denying a downward departure.

Contrary to the defendant's contention, the 11-year age difference between the defendant and his 15-year-old victim was significant. The circumstances of the statutory rape committed by the defendant did not result in an overassessment and do not warrant a downward departure (*see People v Bowens,* 55 AD3d 809 [2008]; *People v Foy,* 49 AD3d 835 [2008]). There also was no overassessment of points for the defendant's history of

drug abuse (*see People v Goodwin,* 49 AD3d 619 [2008]; *People v Wright,* 37 AD3d 797 [2007]), nor any overassessment based on the nature of the defendant's criminal history.

The defendant failed to present clear and convincing evidence of special circumstances that would warrant a downward departure from the presumptive level three classification established by the proof at the hearing (*see People v Garcia,* 56 AD3d 539 [2008]; *People v Branigan,* 56 AD3d 538 [2008]). The County Court appropriately determined the defendant to be a level three sex offender and providently exercised its discretion in denying the request for a downward departure. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.