■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFFREY MADRID, Respondent. [930 NYS2d 240]—

The defendant was charged with attempted rape in the first degree and sexual abuse in the first degree in connection with an incident where he allegedly attempted to rape his sister in the bathroom of their residence. The court ordered an examination of the defendant pursuant to CPL article 730 to determine whether the defendant had the capacity to understand the proceedings against him and assist in his own defense.

The first examining psychiatrist diagnosed the defendant with psychiatric disorders and the second examining psychiatrist diagnosed him with a psychotic disorder. Both psychiatrists recommended that the defendant receive in-patient psychiatric hospitalization. The County Court adjudicated the defendant an incapacitated person and remanded him to the custody of the Commissioner of Mental Health for care and treatment. Some time later, the medical authorities determined that the defendant was fit to proceed. Thereafter, the defendant pleaded guilty to sexual abuse in the first degree. He was sentenced to six months incarceration and 10 years' probation.

A risk-level hearing was scheduled pursuant to Correction Law § 168-d. Prior to that hearing, the People moved for permission to review certain medical and psychiatric records pertaining to the defendant's treatment. The County Court denied the People's motion and refused to permit access to those records, but agreed to review them in camera.

At the risk assessment hearing, the defendant scored 25 points on the risk instrument, making him a presumptive risk level one. However, the People sought a determination of risk level three based on the defendant's alleged psychiatric illnesses, which they claimed rendered him unable to control his sexual impulses. The County Court, after reviewing the contested medical and psychiatric records in camera, designated the defendant a level one sex offender. We reverse.

The Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), "requires individuals convicted of sex offenses to register with law enforcement officials and authorizes the dissemination of certain information about those individuals to vulnerable populations and the public" (*People v Mingo*, 12 NY3d 563, 570 [2009]). The period during which an individual must register with law enforcement officials and the attendant notification and disclosure provisions vary depending on the nature of the individual's criminal history and risk level designation (*id.* at 570-571).

Pursuant to Correction Law § 168-d, "[a]t least fifteen days prior to the determination proceeding, the district attorney shall provide to the court and the sex offender a written statement setting forth the determinations sought by the district attorney together with the reasons for seeking such determinations" (Correction Law § 168-d [3]). The sex offender must be allowed "to appear and be heard," and "[t]he state shall appear by the district attorney . . . who shall bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (*id.*).

"Where there is a dispute between the parties concerning the determinations, the court shall adjourn the hearing as necessary to permit the sex offender or the district attorney to obtain materials relevant to the determinations from any state or local facility, hospital, institution, office, agency, department or division. Such materials may be obtained by subpoena if not voluntarily provided to the requesting party" (*id.*).

Under the circumstances, the County Court erred when it refused to permit the People access to the requested medical and psychiatric records. The People demonstrated that the requested medical and psychiatric files were "relevant to the determinations" (*id.*), and the privacy concerns expressed by the County Court are adequately protected by compliance with the controlling state and federal privacy laws, which do not prohibit disclosure where the applicable conditions of those laws are satisfied (*see Matter of Miguel M. [Barron]*, 17 NY3d 37 [2011]; *see also* Mental Hygiene Law § 33.13 [c] [1]; 45 CFR 164.512 [e] [1] [i], [ii]; *accord* Correction Law § 168-d [3]).

The defendant's remaining contentions are without merit.

Accordingly, we reverse the order and remit the matter to the County Court, Suffolk County, to permit the People access to the requested medical and psychiatric records in accordance herewith, and thereafter, for a hearing and a new determination of the defendant's risk level designation pursuant to Correction Law article 6-C. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.