People v London (2022 NY Slip Op 00687)





People v London


2022 NY Slip Op 00687


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON , J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-10091

[*1]The People of the State of New York, respondent,
v
Carlton London, appellant. Janet E. Sabel, New York, NY (Lorraine Maddalo of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated August 7, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree and attempted use of a child in a sexual performance. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the People sought to assess the defendant a total of 110 points, which would have made him a presumptive level three sex offender. The defendant challenged the assessment of 10 points under risk factor 10 (recency of prior felony or sex crime-less than three years) and the assessment of 5 points under risk factor 14 (release with unspecialized supervision). The resulting total of 95 points would have made him a presumptive level two sex offender. The defendant also requested a downward departure to level one.
The Supreme Court, finding that the defendant was released with specialized supervision, agreed with the defendant as to risk factor 14, and no points were assessed under that risk factor. The court assessed the defendant a total of 105 points, which placed him within the range of a presumptive level two designation. The court denied the defendant's application for a downward departure to a level one designation, and designated him a level two sex offender. The defendant appeals.
While the People concede on appeal that the defendant should not have been assessed any points under risk factor 10 since he had no prior conviction for a felony or sex crime, this adjustment only reduces the defendant's total points to 95, still within the level two range.
A defendant seeking a downward departure from his or her presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating favor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk [*2]Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). "A downward departure may be warranted where the victim's lack of consent is due only to inability to consent by virtue of age, and scoring 25 points under risk factor 2, for sexual contact with the victim, results in an overassessment" (People v Blount, 195 AD3d 956, 957; see Guidelines at 9).
Here, the defendant failed to demonstrate that a downward departure from the presumptive risk level was warranted. While he contends that the victim's lack of consent was due only to an inability to consent by virtue of her age, a downward departure is not warranted on this ground considering the particular circumstances of this case, including that the defendant cultivated a relationship with the victim over a span of years and that there was an 11-year age disparity between the defendant and the victim (see People v Blount, 195 AD3d at 957; People v Lehmann, 171 AD3d 957, 958; People v Garner, 163 AD3d 1009, 1009-1010; People v Quirindongo, 153 AD3d 863, 863-864).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and properly designated him a level two sex offender.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court