People v Permenter (2022 NY Slip Op 05102)

People v Permenter

2022 NY Slip Op 05102

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2020-02388

[*1]The People of the State of New York, respondent,
v
Barrington Permenter, appellant.

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Nicole Leibow of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated February 5, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree based upon conduct involving sexual intercourse when he was 22 years old with a victim who was 13 years old (Penal Law § 130.30[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, inter alia, assessed the defendant 20 points under risk factor 7 (relationship with victim), denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender (see Correction Law § 168-n).
The Supreme Court correctly determined that the People met their burden of proving by clear and convincing evidence the facts supporting the defendant's designation as a level two sex offender (see id. § 168-n[3]). Contrary to the defendant's contention, the court properly assessed 20 points under risk factor 7, as the People demonstrated, by clear and convincing evidence, that the defendant's relationship with the victim had been established for the primary purpose of victimization (see People v Fuhrtz, 180 AD3d 944, 946; People v Burrowes, 177 AD3d 1005, 1007; People v Krahmalni, 170 AD3d 444; People v Smith, 158 AD3d 779, 779-780; People v Duart, 84 AD3d 908, 909).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the People's contention, the defendant preserved for appellate review his contention that the victim's lack of consent was due only to an inability to consent by virtue of her age. "The Board [of Examiners of Sex Offenders] or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2 of the risk assessment instrument] results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; see People v Garner, 163 AD3d 1009, 1009; People v Anderson, 137 AD3d 988, 988). Here, a downward departure is not warranted on this ground considering, among other things, the age disparity between the then 22-year-old defendant and the then 13-year-old victim (see People v London, 202 AD3d 713, 714; People v Blount, 195 AD3d 956, 957; People v Lin, 188 AD3d 1109, 1110; People v Dadd, 170 AD3d 898, 899; People v Garner, 163 AD3d at 1009-1010; People v Anderson, 137 AD3d at 988; People v Fryer, 101 AD3d 835, 836 1734; People v Herron, 59 AD3d 414).
The alleged additional mitigating factors identified by the defendant either were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Young, 186 AD3d 1546, 1548; People v Burrowes, 177 AD3d at 1007), or did not warrant a downward departure (see People v Burrowes, 177 AD3d at 1007; People v Saintilus, 169 AD3d 838, 839).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court