People v Fuentes (2022 NY Slip Op 05869)

People v Fuentes

2022 NY Slip Op 05869

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-04670

[*1]People of State of New York, respondent,
v Jose J. Fuentes, appellant. Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar M. O'Rourke and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated May 25, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On March 4, 2011, the defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree (Penal Law § 130.50[3]), resulting in the imposition of a sentence that included a term of postrelease supervision. Prior to a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument (hereinafter RAI) in which it assessed a total risk factor score of 70, resulting in a presumptive risk level one designation. In May 2021, the People served a notice pursuant to Correction Law § 168-d(3) that they intended to seek a risk level two designation for the defendant at the SORA hearing (see id. § 168-n). At the SORA hearing, the People served a new and separate RAI, which, in addition to assessing the same points as did the Board in its RAI, assessed 15 additional points under risk factor 14 (release without supervision). This resulted in a total risk factor score of 85 and a presumptive risk level two designation. The People argued that the defendant would be deported after his release from prison based on an order of the United States Department of Justice Immigration and Naturalization Service dated October 1, 2002, directing that the defendant be removed from the United States to El Salvador. In keeping with the People's recommendation, the Supreme Court assessed the defendant 85 points and designated him a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see id. § 168-n[3]; People v Vasquez, 189 AD3d 1480, 1481). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Luna, 187 AD3d 805, 806, quoting People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). As the risk level set forth in the RAI is merely presumptive, the assignment of a risk level is within the [*2]sound discretion of the SORA court (see People v Pettigrew, 14 NY3d 406, 409).
Contrary to the defendant's contention, the assessment of 15 points under risk factor 14 was supported by clear and convincing evidence in the record, including the case summary prepared by the Board, the United States Department of Justice Immigration and Naturalization Service order directing the defendant to be removed from the United States to El Salvador, and the Department of Probation's presentence investigation report (see People v Mingo, 12 NY3d 563, 573-574; People v Vasquez, 189 AD3d at 1481). Accordingly, the defendant was properly designated a level two sex offender.
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court