People v Claros-Zelayandia (2023 NY Slip Op 03246)

People v Claros-Zelayandia

2023 NY Slip Op 03246

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-08400

[*1]The People of the State of New York, respondent,
v
Cayetano Claros-Zelayandia, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel; Mark J. Ermmarino on the brief), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Richard I. Horowitz, J.), dated October 7, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 115 points on the risk assessment instrument, and designated him a level three sex offender. The defendant appeals, challenging the assessment of 20 points under risk factor 4 and 15 points under risk factor 14, and the denial of his application for a downward departure from the presumptive risk level.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the [designation] sought by clear and convincing evidence" (People v Barry, 213 AD3d 779, 779 [internal quotation marks omitted]; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Camacho-Gutierrez, 210 AD3d 811, 812; People v Fuentes, 209 AD3d 878, 879; People v Vasquez, 189 AD3d 1480, 1481).
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. The People established by clear and convincing evidence, including the defendant's sworn statement and the probation department's presentence report, that the defendant engaged in two or more acts of sexual contact with the victim, at least one of which was an act of sexual intercourse, and that the acts were separated in time by at least 24 hours (see People v Gomez, 204 AD3d 843, 845; People v Eason, 192 AD3d 925, 926; People v Arrahman, 144 AD3d 1009, 1010; People v Tigre, 134 AD3d 687, 688).
The Supreme Court also properly assessed the defendant 15 points under risk factor 14. The assessment of these points was supported by clear and convincing evidence in the record, including the Board's case summary, which established that the defendant was subject to a final order of deportation (see People v Mingo, 12 NY3d 563, 573-574; People v Fuentes, 209 AD3d at 880; People v Mendez, 207 AD3d 480, 482; People v Vasquez, 189 AD3d at 1481).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; People v Permenter, 208 AD3d 905, 906; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that the victim's lack of consent was due only to an inability to consent by virtue of her age. "The Board or a court may choose to depart downward in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2 of the risk assessment instrument] results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; see People v Permenter, 208 AD3d at 906-907; People v Lin, 188 AD3d 1109, 1110). Here, a downward departure is not warranted on this ground considering, among other things, the age disparity between the then 48-year-old defendant and the then 12-year-old victim (see People v Permenter, 208 AD3d at 907; People v Emery, 204 AD3d 944, 945; People v Blount, 195 AD3d 956, 957; People v Lin, 188 AD3d at 1110; People v Dadd, 170 AD3d 898, 899; People v Quirindongo, 153 AD3d 863, 864).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., CONNOLLY, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court