People v Delgadillo (2023 NY Slip Op 04140)

People v Delgadillo

2023 NY Slip Op 04140

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2019-04622

[*1]The People of the State of New York, respondent,
v
Jose Delgadillo, appellant. 

Del Atwell, East Hampton, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 28, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]), kidnapping in the second degree (id. § 135.20), two counts of robbery in the first degree (id. § 160.15[3], [4]), three counts of robbery in the second degree (id. § 160.10[1], [2][b]; [3]), criminal use of a firearm in the first degree (id. § 265.09[1][b]), criminal use of a firearm in the second degree (id. § 265.08[2]), and two counts of attempted robbery in the first degree (id. §§ 110.00, 160.15[3], [4]). Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 125 points and designated him a level three sex offender. The defendant appeals.
In establishing an offender's appropriate risk level under SORA, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see People v Suarez, 163 AD3d 884, 884). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Averhart, 186 AD3d 1728, 1729).
The defendant contends that the Supreme Court erred in assessing him 20 points under risk factor 13. Risk factor 13, entitled "Conduct While Confined or Under Supervision," provides that an offender may be assessed 20 points if "[t]he offender's adjustment to confinement or supervision has been unsatisfactory and has included inappropriate sexual conduct" (SORA: Risk Assessment Guidelines and Commentary, at 16 [2006] [hereinafter Guidelines]). Here, the court properly assessed the defendant 20 points under risk factor 13, as the People established by clear and convincing evidence that the defendant received a disciplinary sanction for stalking while confined (see People v Robinson, 204 AD3d 708, 709).
The defendant's contention that he was entitled to a downward departure from his presumptive risk level three designation based upon the aggregate of certain factors is unpreserved for appellate review (see People v Cepeda, 148 AD3d 942, 943). In any event, the defendant failed to demonstrate that there existed mitigating circumstances of a kind or to a degree not otherwise adequately taken into account by the Guidelines that warranted a downward departure from his presumptive risk level three designation (see People v Gillotti, 23 NY3d 841, 861).
Contrary to the defendant's further contention, defense counsel was not ineffective for failing to request a downward departure or in conceding the assessment of 105 points. The record demonstrates that such arguments had little or no chance of success, and there is no reasonable probability that had counsel requested a downward departure, the result of the proceeding would have been different (see People v Butler, 157 AD3d 727, 731-732; see also Strickland v Washington, 466 US 668, 694).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit (see People v Wolbert, 207 AD3d 483, 485).
DILLON, J.P., CONNOLLY, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court