People v Polanco-Lopez (2025 NY Slip Op 03594)

People v Polanco-Lopez

2025 NY Slip Op 03594

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-01353

[*1]The People of the State of New York, respondent,
v
Jose A. Polanco-Lopez, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated January 17, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of rape in the first degree, two counts of sexual abuse in the first degree, two counts of rape in the third degree, and two counts of endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 85 points on the risk assessment instrument and designated him a level two sex offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay'" (People v Santiago, 235 AD3d 670, 670, quoting People v Crandall, 90 AD3d 628, 629).
Contrary to the defendant's contention, the County Court properly assessed 20 points under risk factor 7, as the People demonstrated, by clear and convincing evidence, that the defendant met the then 11-year-old victim on the Internet and established a relationship with her for the primary purpose of victimization (see People v Permenter, 208 AD3d 905, 906; People v Krahmalni, 170 AD3d 444; People v Buculei, 161 AD3d 903, 904).
Accordingly, the County Court properly designated the defendant a level two sex offender.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court