People v Correa (2025 NY Slip Op 05973)

People v Correa

2025 NY Slip Op 05973

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-10264

[*1]The People of the State of New York, respondent,
v
Cesar A. Correa, appellant. 

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated October 20, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of rape in the second degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 80 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals, contending that the court should have granted his application for a downward departure.
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735). "A downward departure may be warranted where the victim's lack of consent is due only to inability to consent by virtue of age, and scoring 25 points under risk factor 2, for sexual contact with the victim, results in an overassessment" (People v London, 202 AD3d 713, 714 [internal quotation marks omitted]; see Guidelines at 9; People v Blount, 195 AD3d 956, 957).
Here, while the defendant contends that the victim's lack of consent was due only to an inability to consent by virtue of her age and his point assessment is considered near the low end of the presumptive level two designation, under the circumstances of this case, including, among other things, the significant age disparity between the then 29-year-old defendant and the then [*2]13-year-old victim, a downward departure was not warranted (see People v Saul, 220 AD3d 892, 894; People v Permenter, 208 AD3d 905, 906; People v Emery, 204 AD3d 944, 945; People v London, 202 AD3d at 714; People v Zapata, 186 AD3d 761, 762; People v Dadd, 170 AD3d 898, 899; People v Herron, 59 AD3d 414).
Accordingly, the County Court properly denied the defendant's application for a downward departure and properly designated him a level two sex offender.
LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court