People v Mishk (2026 NY Slip Op 00916)

People v Mishk

2026 NY Slip Op 00916

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-10442

[*1]The People of the State of New York, respondent,
vJonathan Mishk, appellant.

Margaret M. Walker, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated September 9, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 105 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, "the court must exercise its discretion by weighing the . . . mitigating factor[ ] to determine whether the totality of the circumstances warrants a departure to avoid an [overassessment] of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to sustain his burden of proof in support of his application for a downward departure, as the purported mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not establish a lower likelihood of reoffense or danger to the community (see People v Correa, 242 AD3d 1225; People v Permenter, 208 AD3d 905).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court