People v Siler (2026 NY Slip Op 01810)

People v Siler

2026 NY Slip Op 01810

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-12122

[*1]The People of the State of New York, respondent,
vDonald Siler, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Anne B. Bianchi, J.), dated October 10, 2024, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2006, the defendant was convicted, upon his plea of guilty, of kidnapping in the first degree (Penal Law § 135.25[1]) and sentenced to an indeterminate term of imprisonment of 19 years to life. The defendant was required to register as a sex offender due to his conviction of kidnapping in the first degree of a child less than 17 years old and the defendant was not the parent of the victim.
After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 120 points on the risk assessment instrument (hereinafter RAI), rejected his constitutional claim, denied his application for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals, challenging the constitutionality of his requirement to register as a sex offender under SORA because the underlying crime was not sexually motivated and contesting the court's assessment of points under risk factors 1, 7, and 11, and the denial of a downward departure.
"[T]he guarantee of 'due process of law'" includes "'a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them'" (People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 198, quoting Zinermon v Burch, 494 US 113, 125; see DeShaney v Winnebago County Dept. of Social Servs., 489 US 189, 200).
Substantive due process prohibits the State from infringing upon "a 'fundamental' liberty interest 'unless the infringement is narrowly tailored to serve a compelling state interest'" (People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d at 199, quoting Reno v Flores, 507 US 292, 301-302; see People v Edwards, ___ AD3d ___, ___, 2025 NY Slip Op 04922, *2). "However, 'where no fundamental right is infringed [upon,] legislation is valid if it is rationally related to legitimate government interests'" (People v Edwards, ___ AD3d at ___, 2025 NY Slip Op 04922, *2, quoting People v Knox, 12 NY3d 60, 67; see People ex rel. Johnson v [*2]Superintendent, Adirondack Corr. Facility, 36 NY3d at 199).
"'As the term implies, an as-applied challenge calls on the court to consider whether a statute can be constitutionally applied to the defendant under the facts of the case'" (People v Brown, 41 NY3d 279, 284, quoting People v Stuart, 100 NY2d 412, 421).
SORA "requires individuals convicted of sex offenses to register with law enforcement officials and authorizes the dissemination of certain information about those individuals to vulnerable populations and the public" (People v Madrid, 88 AD3d 674, 675 [internal quotation marks omitted]). "SORA labels as sex offenders all persons convicted of a kidnapping offense, provided the victim of such kidnapping or related offense is less than seventeen years old and the offender is not the parent of the victim" (People v Brown, 41 NY3d at 284 [alterations and internal quotation marks omitted]; see Correction Law § 168-a[1], [2][a][i], citing Penal Law § 135.25).
Here, the defendant was convicted, upon his plea of guilty, of kidnapping in the first degree (Penal Law § 135.25[1]), the victim was less than 17 years of age, and the defendant was not a parent of the victim. Therefore, the defendant's crime is a "sex offense" under SORA, "regardless of whether there was any sex-related conduct or motive during the crime" (People v Gordon, 133 AD3d 835, 836). The County Court properly rejected the defense counsel's objection based upon a violation of substantive due process (see People v Knox, 12 NY3d at 64-69).
In establishing an offender's appropriate risk level assessment under SORA, the People have the burden to prove whether points in the RAI should be assessed for a factor based on "clear and convincing evidence of the existence of that factor" (People v Pettigrew, 14 NY3d 406, 408 [internal quotation marks omitted]; see People v Delgadillo, 219 AD3d 508, 508).
Contrary to the defendant's contention, the County Court properly assessed 15 points under risk factor 1, as the People established by clear and convincing evidence that the defendant inflicted physical injury (see Penal Law § 10.00[9]; People v Chiddick, 8 NY3d 445, 447; People v Sullivan, 64 AD3d 67, 69-71).
The County Court also properly assessed 20 points under risk factor 7, as the People established by clear and convincing evidence that the defendant was a stranger to the victim (see People v Vick, 236 AD3d 685, 686, citing Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006] [hereinafter Guidelines]; People v Mitchell, 142 AD3d 542, 543).
The County Court likewise properly assessed 15 points under risk factor 11, as the People established by clear and convincing evidence that the defendant was under the influence of alcohol at the time of the offense and had a history of substance abuse (see People v Aldarondo, 136 AD3d 770, 770-771; People v Guitard, 57 AD3d 751, 752).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v McKinney, 173 AD3d 1074, 1075, quoting People v Wyatt, 89 AD3d 112, 128). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Hernandez, 236 AD3d 835, 836, quoting People v Claros-Zelayandia, 217 AD3d 786, 788).
Here, the defendant failed to demonstrate that a downward departure was warranted. The defendant failed to "demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community" (People v Peoples, 189 AD3d 1282, 1283). Likewise, the defendant offered no evidence to support that the codefendants' lesser risk level [*3]classification is a sufficient basis to predict the defendant's postrelease behavior or "establish a lower likelihood of reoffense or danger to the community" (People v Gil, 194 AD3d 862, 863; see People v Alvarado, 173 AD3d 909, 910).
Additionally, contrary to the defendant's contentions, the remaining alleged mitigating factors were adequately taken into account by the Guidelines (see People v Palmer, 217 AD3d 793, 794; People v Dipilato, 155 AD3d 792, 793).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
The parties' remaining contentions either need not be determined in light of our determination, are without merit, or are not properly before this Court.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court